IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KENNETH NEWKIRK,**

    Plaintiff,

v.                                                      Civil Action No. **3:24CV222 (RCY)**

**HAROLD CLARKE,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, submitted this request for an "EMERGENCY SHOW CAUSE HEARING." (ECF No. 1, at 1.)[1] First, Plaintiff requests that this Court order an emergency hearing because he wants an appeal bond (*id.* at 1), or in the alternative, he asks the Court to "send a[n] email to Kyle Rosch of the Interstate Compact Dept. . . . along with Chadwick Dotson and tell them to cease and desist the illegal I.C.C. transfer out of state" during his "pursuit of an appeal bond." (*Id.* at 3.) Plaintiff fails to identify a procedural vehicle that would authorize the actions that he seeks from the Court.

Next, Plaintiff complains about various conditions of confinement. (*Id.* at 4–5.) Thus, it appears that Plaintiff may wish to file a complaint pursuant to 42 U.S.C. § 1983.[2] The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

---

[1] The Court corrects the capitalization in the quotations from Plaintiff's submissions.

[2] Plaintiff complains about conditions in Wallens Ridge State Prison which is in the Western District of Virginia. and that complaint would appropriately be filed in the United States District Court for the Western District of Virginia. However, the Court will not transfer the action because Plaintiff did not pay the $405 filing fee.

may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has at least three other actions or appeals that have been dismissed as frivolous or for failure to state a claim. *See, e.g.*, *Newkirk v. Shaw*, No. 3:14CV426–HEH, 2014 WL 4161991, *3 (E.D. Va. Aug. 19, 2014); *Newkirk v. Cir. Ct. of Hampton*, No. 3:14CV372–HEH, 2014 WL 4072212, at *3 (E.D. Va. Aug. 14, 2014); *Newkirk v. Lerner*, No. 3:13CV364–HEH, 2014 WL 587174, at *2–5 (E.D. Va. Feb. 14, 2014); *Newkirk v. Chappell*, No. 3:13CV73–HEH, 2013 WL 5467232, at *3 (E.D. Va. Sept. 30, 2013). Plaintiff's current complaint does not plausibly suggest that Plaintiff is in imminent danger of serious physical harm. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be DENIED, and the action will be DISMISSED. To the extent that Plaintiff wishes to file a complaint alleging unconstitutional conditions of confinement, Plaintiff may file an action in the United States District Court for the Western District of Virginia accompanied by the $405 filing fee.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ RCY  
Roderick C. Young  
United States District Judge

Date: April 18, 2024  
Richmond, Virginia